

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clifford B. Jones, President
Texas Technological College
Lubbock, Texas

Dear Sir:

> Opinion No. O-1450
> Re: Reciprocal fee law as
> applied to minor son
> of army officer.

We are in receipt of your letter of September
15, 1939, requesting the opinion of this department which
reads as follows:

"The nineteen year old son of Major R. B.
Pettit, U. S. Army, Engineers Corps, and nephew
of Captain Frank Pettit, U. S. A., assigned by
the War Department as instructor of our R.O.T.C.
Unit, is desirous of enrolling as a student at
this College.

"It will be deeply appreciated if you will
kindly advise us at your early convenience, with
reference to the application in this case of what
is known as the reciprocal fee law of Texas, the
question at issue being the amount of the fee
which should be charged this prospective student,
by this institution.

"It is my understanding that officers of the
United States Army have no legal status; that is
to say, no legal residence. The above mentioned
Major Pettit is at the present time on detail at
Detroit, Michigan, in connection with river and
harbor matters, and it is my understanding that
he has pending orders for service in the Philip-
pine Islands. I am informed that last year Major
Pettit's son was a student at one of the schools

Hon. Clifford B. Jones, Page 2

in Virginia, which I believe makes some con-
cession to the sons of Army officers.

"If you will be so kind as to construe the
above mentioned reciprocal fee law, or any
other existing statute for the benefit of this
instant case, we shall be grateful."

Acts, 1933, 43rd Legislature, p. 596, ch. 196
(Vernon's Revised Civil Statutes, Article 2654e) provides
in part as follows:

"2. From each non-resident student, who
registers for twelve (12) or more semester or
term hours of work an amount equivalent to the
amount charged students from Texas by similar
schools in the State of which the said non-
resident student shall be a resident, said
amount to be determined and fixed by the govern-
ing boards of the several institutions in which
said students may register, but in no event shall
such amount be less than that charged to students
resident in Texas. Provided, however, that if
this paragraph shall be held to be unconstitu-
tional or void from any cause, there shall be
collected from each non-resident student the sum
of One Hundred ($100.00) Dollars for each semester,
or Sixty-six ($66.67) Dollars and sixty-seven cents
for each term. A non-resident student is hereby
defined to be a student of less than twenty-one
(21) years of age, living away from his family
and whose family resides in another state or whose
family has resided within the State for a period
of time less than twelve (12) months prior to the
date of registration, or a student of twenty-one
(21) years of age or over who resides out of the
State or who has resided within the State for a
period of less than twelve (12) months prior to
the date of registration."

The terms "reside", "residence" and "domicile"
have been given varied meanings and shades of meaning. In
some instances they are construed to be different and in
others they are held to be identical depending upon the
apparent sense in which they are employed when considered
together with the whole context of a statute. It was stated
in an opinion by this department, dated September 13, 1933,

Hon. Clifford B. Jones, Page 3

addressed to Dr. H. Y. Benedict, that "reside" as used in this statute has the same meaning as "domicile". This same ruling was made in Conference Opinion No.2977, dated January 10, 1936, Attorney General's Reports 1934-1936, p. 114, directed to Dr. H. Y. Benedict.

The student in question being less than twenty-one (21) years of age, under the reciprocal fee law he is a non-resident although living in Texas away from his family, if his "family resides in another state", or his family has resided within this State for a period of time less than twelve (12) months prior to the date of registration. We assume from your letter that the family of this student has never resided in Texas.

The general rule at common law is well established that the residence or domicile of an infant is ordinarily that of the parents. If the father is living, the domicile of the family and the child follows that of the father. 9 R.C.L. 547; Gulf C. & S. F. Ry. Co. v. Lemons, 109 Tex. 244, 206 3. W. 75, 5 A.L.R. 943; Deterly v. Sells, (T.C.S. 1932) 53 S. W. (2d) 647.

Your question is apparently based upon the assumption that officers of the United States Army have no legal residence. With this we cannot agree. It is sometimes broadly stated that all persons must at all times have some residence. This is true because the domicile of origin remains the domicile of an individual until changed. Officers in the service of the United States Army are no exception to the rule. Trigg v. Trigg (Mo. 1931) 41 3. W. (2d) 583; Harris v. Harris (Iowa 1927) 215 N. W. 661; Suit v. Shailer, 18 Fed. Supp. 568; Sealey v. United States, 7 Fed. Supp. 434.

It is stated in Trigg v. Trigg, supra:

"It must be conceded that plaintiff was a resident of California when he entered the army in 1917, and that his legal residence would be presumed to remain the same until changed. However, it is equally true that there is no inability on the part of a soldier to effectually change his residence as a citizen if he so desires."

As an aid in determining the true residence of

Hon. Clifford B. Jones, Page 4

the student in question, we quote the following
language from Owens v. Stovall (T.C.A. 1933), 64
S. W. (2d) 360;

"No better definition has been given
of 'residence' than that given by Circuit
Judge Jenkins in Re Garnean, 127 F. 677,
62 C. C. A. 403, 406, where the court said:
Residence has been defined to be a place
where a person's habitation is fixed, without
any present intention of removing therefrom.
It is lost by leaving the place where one has
acquired a permanent home and removed to
another animo non revertendi, and is gained
by remaining in such new place animo manden-
di . . . . The term is an elastic one, and
difficult of precise definition. The sense
in which it should be used is controlled by
reference to the object. Its meaning is de-
pendent upon the circumstances then surround-
ing the person, upon the character of work
to be performed, upon whether he has a family
or a home in another place, and largely upon
his present intention."

The length of absence from the domicile of
origin would not be controlling where the necessary
intention and other circumstances indicating a change
of residence are not present. In the case of Harris
v. Harris, supra, one of the parties graduated from
high school in Des Moines in 1887 and went to West
Point. Subsequently he was transferred to many military
posts including the Philippine Islands and the Panama
Canal Zone. In 1925 he was transferred from the Panama
Canal Zone to Fort Banks, Mass., where he was stationed
at the time of the trial. It was held that his resi-
dence was still in Iowa, since he never had the intention
to establish another residence, the moves were not of his
own volition and he lived on the reservations.

In Conference Opinion No. 2977, dated January
10, 1936, supra, several questions concerning the resi-
dence of Army Officers were answered in construing
Article 2654c. We quote the pertinent parts of that
opinion:

Hon. Clifford B. Jones, Page 5

"An army officer can have legal residence in Texas for fee purposes under the terms and provisions of the statute in question. The general principles determining his residence are the same as those determining the residence of any other person. The bona fide intention of the army officer would largely control the question of residence in connection with the statute in question.

"Of course, he would have to comply with the provisions of Article 2654c, and would have to reside within the State of Texas for a period of time of at least twelve (12) months prior to the date of registration of the student before he would be entitled to be classified so as to receive the benefits of a resident of the State of Texas.

"(1). The residence status under the statute referred to of an army officer who is stationed in Texas and who has been so stationed for at least twelve (12) months prior to the registration in the University of his minor children would depend largely upon the bona fide intention of the army officer.

"If a bona fide intention was to become a resident of the State of Texas when he so moved to Texas, we see no reason why at the end of twelve (12) months his minor child would not be entitled to register in the University as a resident student.

"(2). If an army officer has been in Texas for less than twelve (12) months prior to the child's registration in the University of Texas, the child could not be classified as a resident student because of the specific particular provision of Article 2654c, R. C. S., which provides that a student is a non-resident unless he has resided in Texas twelve (12) months prior to the date of registration. Since a minor child's domicile is that of its parents

Hon. Clifford B. Jones, Page 6

the length of time of the residence of the
parents would determine under this statute.

"If, however, at the time of the moving
of the army officer to Texas his intention was
to make Texas his domicile, then at the end of
twelve (12) months after he has become a resident
of Texas, his minor child can register as a
resident student.

"(3). The residence classification of an
army officer might be affected by his legal
residence at the time he entered the army. Un-
less he had some reason to change his place of.
residence, which would have to be coupled with
both facts and intention, his place of residence
would be that of his legal residence at the time
he entered the army. Most army officers retain
their legal residence which they had at the
time they entered the army, but this is not man-
datory or compulsory. If conditions were to
change or facts were to shift wherein they de-
sired to change their residence, there is no-
thing under the law to prevent them from doing
so.

"We do not think they could arbitrarily
choose out a state as their place of residence
without some facts which would permit them to
do so, but if facts were such as would permit
them to become a resident of a certain state,
and if their intention was to become a resi-
dent of that state, then there would be no
reason why they could not do so.

"(4). If an army officer stationed in
Texas establishes a home for his family in the
place where he is stationed but not on the
government reservation, if his bona fide in-
tention was that of becoming a resident of
the State of Texas, he would be entitled to
the benefits of a resident citizen under this
statute after he had become a resident of the
State of Texas for twelve (12) months prior to
the registration in the University of Texas of

Hon. Clifford B. Jones, Page 7

his minor children.

"As in determining many of the questions
asked in this letter, the intention of the army
officer would largely govern.

"(5). If an army officer who has served
for one or more years in Texas followed by one
or more years of service out of Texas, he may
immediately claim the benefit of Texas residents
for a minor child if at the time he was in Texas
he established his legal residence in Texas and
did not abandon his legal residence when he
moved out of Texas.

"B. It is our opinion that the general
rules and principles governing residences and
domiciles generally would apply to an officer
who is classified as a non-resident of Texas.
If conditions, coupled with the intention of
the officer, did not change his legal residence
from the state in which he was a resident at
the time he enlisted, then, of course, he would
be classified as a resident of the state from
which he enlisted; but if facts, and circum-
stances, coupled with his intentions, changed his
place of residences, then he would be classified
according to the state under the circumstances
which claimed him as a resident.

"We do not think that an army officer could
arbitrarily pick any state in the Union as his
place of residence, if he had never been stationed
there, or had never lived there, but we do think
that an army officer can change his residence
from the state from which he enlisted if he re-
sides in a state and at the time of his residence
in the said State it is his intention to choose
that state as his legal residence.'"

It is our opinion that the residence of a nineteen
year old son of an army officer is in the state of the resi-
dence of his father. The residence of the father is pre-
sumed to be in the state of his residence when he entered
the army, however, it may be changed in accordance with
the rules herein discussed.

The facts set out in your letter are not sufficient for us to categorically state the residence of the student in question, however, we trust that our discussion will enable you to apply the reciprocal fee law in this instance.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By       *Cecil C. Cammack*

Cecil C. Cammack
Assistant

CCO:BT

APPROVED SEP 30, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN